Dear Director Crisp,
The Attorney General has received your request for an opinion wherein you ask the following question:
Must a foreign or out of state corporation, which does not intend toemploy an agent for the purpose of soliciting or taking orders inOklahoma, become domesticated in Oklahoma before the Oklahoma AlcoholicBeverage Control Board can issue it a Non-resident Sellers License.
Oklahoma statutes regulating the sale of alcoholic beverages require, under the provisions of 37 O.S. 524 (1971), one who sells alcohol to Oklahoma wholesalers to obtain a non-resident sellers license:
 ". . . regardless of whether or not sales are consummated within or without the State of Oklahoma."
A non-resident seller who employs an agent for the solicitation and taking of sales orders within the State must inter alia be duly authorized to do business within the State and appoint a service agent in the State as a prerequisite to the issuance of an agent's license. . 37 O.S. 525 (1971). However, the statutes governing the issuance of a non-resident sellers license to one who does not employ an in-state agent do not of themselves require domestication or appointment of a service agent.
Nevertheless, one must not interpret this statement so as to preclude the conclusion that domestication is not at some point required, e.g. 18 O.S. 1.199 (1971); the question, however, that you posed only concerns itself with whether domestication is a prerequisite for the issuance of or a condition to the maintenance of a non-resident sellers license. To that question the answer is in the negative.
It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: Domestication of a foreign corporationis neither a prerequisite to nor a condition of maintenance of anon-resident sellers license under the cognizance of the OklahomaAlcoholic Beverage Control Board.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
DUANE N. RASMUSSEN, ASSISTANT ATTORNEY GENERAL